UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

```
------------------------------------------------------------------- x
                                           :    Chapter 7
AHL SHIPPING COMPANY                       :
                                           :    Case No. 10-12167
            Debtor.                        :
                                           :    Honorable Jerry A. Brown
                                           :    Section: B
                                           :
-------------------------------------------------------------------X
```

## MOTION FOR RELIEF FROM STAY AND ABANDONMENT ON BEHALF OF MASTERS, MATES & PILOTS VACATION PLAN AND INDIVIDUAL RETIRMENT ACCOUNT PLANS

COMES NOW Preferred Maritime Lien Creditors Captain Timothy A. Brown, as Chairman of the Board of Trustees of the Masters, Mates & Pilots Individual Retirement Account Plan and the Masters, Mates & Pilots Vacation Plan (referred to herein as the "Plans") by and through undersigned counsel, who pursuant to 11 U.S.C § 362(d), 11 U.S.C. § 554(b), Bankr. R. 4001 and Local Bankruptcy Rule 4001-1, move this Court for relief from the automatic stay and for an Order of Abandonment. Mover, Captain Timothy A. Brown is the Chairman of the Board of Trustees of the Masters, Mates & Pilots Individual Retirement Account Plan and the Masters, Mates and Pilots Vacation Plan, two plans created under U.S. law who pursuant to master collective bargaining agreements entered into between AHL Shipping Company, debtor and the International Organization of Masters, Mates & Pilots collect funds owed to crewmembers of the debtor vessels. These Plans assert that they are owed funds by

1

debtor AHL Shipping Company which are secured by maritime liens against the debtors vessels. The Plans are specifically requesting the Court to lift the automatic stay so that they may proceed with arrests proceeding *in rem* both in the United States District Court for the Middle District of Florida at Jacksonville and the United States District Court for the Eastern District of Texas at Beaumont. These vessels are owned by debtor AHL Shipping Company and, as will be more fully explained below, are of no value to the estate, and should be ordered abandoned by the trustee.

## BACKGROUND

Mover is the Chairman of the Board of Trustees for the various trust funds for members of the International Organization of Masters, Mates & Pilots, including the plans, which are administered in the State of Maryland. Mover has intervened in various maritime foreclosure proceedings *in rem* to assert its preferred maritime lien for non-payment of seamen's wages in the cases involving the M/V Anasazi (*Bunkers International and En Jet, L.L.C. vs. M/V Anasazi*, Civil Action Number 3:10-cv-00315, United States District Court, Middle District of Florida); the M/V Monseigneur (*En Jet, L.L.C. vs. M/V Monseigneur*, Civil Action Number 1:10-cv-00228, United States District Court for the Eastern District of Texas) and the M/V New River (*ASAMARBUNKERS Consultadoria e Paricipacoes Unipessoal Lda. v M/V New River*, Civil Action Number 1:10-cv-00223, United States District Court for the Eastern District of Texas). In addition, Mover intends to, upon granting of the Motion for Relief from Stay by this Court, to intervene in the proceedings against the S/S CAPTAIN H. A. DOWING (*United States v S.S. Captain H. A. Downing*, Civil Action Number 1:10-cv-00240, United States District Court for the Eastern District of Texas.

The Plans are the Vacation Fund and the Individual Retirement Account Fund created on behalf of the union members of the International Organization of Masters, Mates & Pilots who were employed on board the four vessels of the debtor, AHL SHIPPING COMPANY. In accordance with the Collective Bargaining Agreement, defendant AHL SHIPPING was obligated to pay into the Plans certain amounts for each individual union member employed aboard any of its vessels. Also in accordance with the Collective Bargaining Agreement, the failure to make those payments for more than one (1) month required the debtor to pay vacation pay directly to the seaman, along with his basic wages, upon departing from the vessel. In addition, the Collective Bargaining Agreement provided that the company agrees that vacation pay would be due in the same manner as other wages and shall be considered wages for purposes of the articles. Likewise, similar provisions existed for failure to pay into the Individual Retirement Account of each seafarer employed on board debtor's vessels. The failure to pay those amounts into the Vacation Plan and into the Individual Retirement Account Plan created a maritime lien in favor of the seamen for their wages.

In accordance with its schedules, the debtor confirms that the debtor has no equity in these vessels. The debtor values all of these vessels at approximately $8.5 million each. Despite this, the M/V Anasazi has been sold at a United States Marshal's Sale for $1.2 million. In addition, other creditors in this matter, namely, the United States Department of Transportation through the Maritime Administration, who has also moved for relief from stay, alleges that these vessels secure debts in excess of $99 million.

Mover now requests this Honorable Court to lift the Automatic Stay to permit Mover to proceed in all of the vessel arrest cases in order to preserve their maritime lien against these vessels.

## JURISDICTION

This Court has jurisdiction pursuant to 11 U.S.C. §105, §362 and §554. This is a core proceeding under 28 U.S.C. §157(b)(2)(g) and is a contested matter under the Federal Rules of Bankruptcy Procedure 4001 and 9014 and Local Bankruptcy Rule 4001-1.

## ARGUMENT

Mover, Captain Timothy A. Brown, as Chairman of the Board of Trustees of the Plans respectfully shows that the Plans, pursuant to the Collective Bargaining Agreements, are entitled to assert Maritime Liens for crew wages on behalf of the union member/former crewmembers of the debtor's vessels. Mover has filed interventions in the M/V Anasazi, the M/V Monseigneur and the M/V New River cases. Mover further intends to file interventions and to assert maritime liens in the S/S CAPTAIN H. A. DOWNING matter as well. Mover, on behalf of the Plans, represents the interests of the seamen/crewmembers of the debtor's vessels. The debtor has not paid wages pursuant to the Collective Bargaining Agreement in place and covering the debtor's vessels. Mover asserts that, pursuant to the Collective Bargaining Agreement and the applicable law, these Plans have a preferred maritime lien on the vessels of the debtor for the non-payment of the amounts due to the Vacation Plan and the Individual Retirement Account Plan. It is undisputed hornbook law that seaman's wages have the highest priority among maritime liens until paid in full. Seamen have always been treated as the wards of the Admiralty Courts. Their wage claims have been given the highest priority. See, The John G. Stevens, 170 U.S. 113, 18 S.Ct. 544, 42 L.Ed. 969 (1898). Pursuant to Title 46 U.S.C. 31301(5) Preferred Maritime Lien means a Maritime Lien on a vessel . ". . (d) for wages of the crew of the vessel." Whether or not the amounts owed to the seaman pursuant to the Collective Bargaining Agreement and to be paid to the Plans is a maritime lien, is a decision for the maritime courts involved in the respective

4

maritime *in rem* arrest and foreclosure proceedings. Mover asserts these unpaid crew plan contributions should be considered as crew wages under the contracts and applicable maritime law and are entitled to maritime lien status.

Mover shows that the following amounts are owed by the debtor to the Plans with respect to the Individual Retirement Account Plans and the Vacation Plans on the respective vessels:

### AHL/MONSEIGNEUR

#### October 2009-February 2010

|          | October   | November  | December  | January   | February  |
|----------|-----------|-----------|-----------|-----------|-----------|
| IRAP     | 14,594.10 | 13,919.16 | 14,132.90 | 14,132.90 | 12,765.20 |
| Vacation | -------   | ---------- | ---------- | ----------- | ---------- |

#### March 1 2010-April 14, 2010

|          | March     | April     | Total      |
|----------|-----------|-----------|------------|
| IRAP     | 14,828.41 | 7,008.50  | 91,381.17  |
| Vacation | 76,870.64 | 37,574.48 | 114,445.12 |

### AHL/DOWNING

#### October 2009-February 2010

|          | October   | November  | December  | January  | February |
|----------|-----------|-----------|-----------|----------|----------|
| IRAP     | 14,546.73 | 13,677.00 | 11,201.33 | 5,254.07 | 4,466.40 |
| Vacation | -------   | ---------- | ---------- | ----------- | ---------- |

#### March 1 2010-April 14, 2010

|          | March     | April    | Total     |
|----------|-----------|----------|-----------|
| IRAP     | 4,841.14  | 2,058.98 | 56,045.65 |
| Vacation | 24,328.13 | 9,776.20 | 34,104.33 |

### AHL/NEW RIVER

#### October 2009-February 2010

|          | October   | November  | December  | January   | February  |
|----------|-----------|-----------|-----------|-----------|-----------|
| IRAP     | 12,460.54 | 13,823.70 | 14,849.38 | 14,484.89 | 13,064.02 |
| Vacation | -------   | ---------- | ---------- | ----------- | ---------- |

5

### March 1 2010-April 14, 2010

|          | March      | April     | Total      |
|----------|------------|-----------|------------|
| IRAP     | 14,132.90  | 6,616.68  | 89,432.11  |
| Vacation | 70,261.50  | 34,328.26 | 104,589.76 |

### AHL/ANASAZI

### October 2009-February 2010

|          | October   | November  | December  | January   | February  |
|----------|-----------|-----------|-----------|-----------|-----------|
| IRAP     | 14,717.74 | 14,113.50 | 14,438.45 | 13,974.62 | 12,765.20 |
| Vacation | -------   | ------------ | ------------ | ------------- | ------------ |

### March 1 2010-April 14, 2010

|          | March     | April     | Total      |
|----------|-----------|-----------|------------|
| IRAP     | 14,186.65 | 7,750.30  | 91,946.46  |
| Vacation | 70,809.90 | 38,530.50 | 109,340.40 |

Each of these vessels has been involved in a maritime arrest proceeding as previously outlined. The United States Marshal for the Middle District of Florida has held a U.S. Marshal's Sale and has sold the M/V Anasazi for the sum of $1.2 million. Those funds are presently being held by the United States District Court for the Middle District of Florida. The remaining three vessels are currently involved in maritime arrest proceedings which were initiated prior to the filing of the Chapter 7 Petition herein.

  11 U.S.C. §362 provides for relief from the Stay:

1) For cause, including a lack of adequate protection of an interest in property of such party in interest; and

2) With respect to a Stay of an act against property under sub-section (a) of this Section if (a) the debtor does not have an equity in such property; and

(b) such property is not necessary to effect a reorganization.

Mover shows the Court that relief from the stay is proper under both standards set forth in § 362(d). This is a Chapter 7 Liquidation Proceeding so a reorganization is not contemplated. In addition, due to the extensive mortgage indebtedness, as well as other maritime lien claims pending against these vessels, this debtor clearly has no equity in this property which could serve any of the debtor's or Trustee's interests. In addition, the Plans as secured lien creditors, show that there is no other possibility of any adequate protection of the creditors' interest in its property, other than allowing it to proceed in the maritime *in rem* foreclosure proceedings against the vessels. Those proceedings are well-populated with numerous creditors all seeking to assert their own maritime liens. The appropriate ranking of those liens is certainly going to be a contested and well-flushed out issue with respect to each creditor's interest in the sale proceeds of the vessels.

Finally, under § 554(b), this Court may entertain an Order to abandon any property of the estate if that property is burdensome to the estate or is of inconsequential value to the estate. Given all the competing maritime liens asserted against the property of the estate, the vessels, it is clear that these vessels will have no benefit whatsoever to the estate and will certainly become burdensome to the estate in the event *custodia legis* expenses in all four of the maritime *in rem* foreclosure proceedings become obligations of the estate.

## **CONCLUSION**

Based on the foregoing, Mover, Captain Timothy A. Brown, as Chairman of the Board of Trustees of the Masters, Mates & Pilots Individual Retirement Account Plan and the Master, Mates & Pilots Vacation Plan respectfully request the Court to grant him relief from the stay and permit foreclosure proceedings against all four of the debtor's vessels in those respective maritime courts.

Further, it is requested that this Court order the trustee to abandon all of the estate's interests in the S.S Captain H. A. Downing, the M/V New River and the M/V Monseigneur, as well as any interests in the sale proceeds of the M/V Anasazi.

Respectfully Submitted:

BY:  /s/ Michael A. Colomb
Richard J. Dodson (#04982)
Michael A. Colomb (#1035)
DODSON, HOOKS, & FREDERICK, APLC
445 North Blvd., Suite 850
Baton Rouge, Louisiana 70802
Telephone: 225-756-0222
Facsimile:  225-756-0025

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ------------------------------------------------------------------- x | : | Chapter 7 |
| AHL SHIPPING COMPANY | : | |
| | : | Case No. 10-12167 |
| Debtor. | : | |
| | : | Honorable Jerry A. Brown |
| | : | Section: B |
| | : | |
| -------------------------------------------------------------------X | | |

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing, Motion for Relief from Stay and Abandonment on Behalf of Masters, Mates & Pilots Vacation Plan and Individual Retirement Account Plans was served on 10th day of August, 2010 by:

1. Those parties who have consented to service through the Court's Electronic Case Filing System were served through that system, and;

2. The Trustee, United States Trustee, and Debtor via First Class, United States Mail, postage prepaid at the following addresses:

Barbara Rivera-Fulton
Trustee
P.O. Box 19980
New Orleans, LA 701779

AHL Shipping Company
Through its Attorney
John M. Duck
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139

U.S. Trustee
Office of the U.S. Trustee
Eastern District of Louisiana
Texaco Center
400 Poydras Street, Suite 2110
New Orleans, LA 70130

                                                    __/s/ Michael A. Colomb_____
                                                         Michael A. Colomb